872 F.2d 829
 57 USLW 2629, 20 Collier Bankr.Cas.2d 1452,
19 Bankr.Ct.Dec. 438, Bankr. L. Rep. P 72,863
 In re Ronald Joseph HANNA and Marjorie Ruth Saunders Hanna.
Ronald Joseph HANNA and Marjorie Ruth Saunders Hanna, Appellees,
v.
UNITED STATES of America, Appellant.
Internal Revenue Service and Iowa Department of Revenue and Finance.
 No. 88-1647.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 14, 1988.
Decided April 21, 1989.
 
 Raymond W. Hepper, Washington, D.C., for appellant.
 John F. Pirog, Sioux City, Iowa, for appellees.
 Before HEANEY* and BEAM, Circuit Judges, and LARSON,** Senior District Judge.
 HEANEY, Senior Circuit Judge.
 
 
 1
 Ronald Hanna and Marjorie Hanna filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Among the debts scheduled in their petition were unpaid federal and state income taxes. The bankruptcy court concluded that postpetition interest and postpetition penalties on these taxes were discharged. The United States government appealed to the district court and it affirmed. The government now appeals to this Court. We reverse.
 
 POSTPETITION INTEREST
 
 2
 The first question raised on appeal is whether postpetition interest may be enforced as a continuing nondischargeable obligation against Chapter 7 debtors subsequent to the liquidation.
 
 
 3
 In a case under the 1950 Bankruptcy Act, the Supreme Court held that postpetition interest on an unpaid tax debt not discharged remains, after bankruptcy, a personal liability of the debtor. Bruning v. United States, 376 U.S. 358, 363, 84 S.Ct. 906, 909, 11 L.Ed.2d 772 (1964). The bankruptcy court, in this instance, determined that Bruning was inapplicable under the 1978 Bankruptcy Code and that postpetition interest on a tax liability is dischargeable, relying on the language of 11 U.S.C. Sec. 502(b)(2), the "fresh start" policy of the bankruptcy laws and In re Frost, 19 B.R. 804, 810 (Bkrtcy D.Kan.1982), rev'd on other grounds, 47 B.R. 961 (D.Kan.1985).
 
 
 4
 Section 727 of the Bankruptcy Code governs discharge in a Chapter 7 case. In general, that section discharges a debtor from all debts that arose before the petition was filed, except those debts that are specified in section 523. As relevant here, section 523(a)(1) excepts from discharge taxes that are entitled to priority under section 507(a)(7) whether or not a claim for such tax is filed or allowed. The taxes involved in this case were admittedly entitled to priority and, thus, rendered nondischargeable. The interest that accrues on such is an integral part of the underlying tax claim and is generally treated the same as the underlying claim. On the other hand, section 502(b)(2) specifies that unmatured interest, including postpetition interest on a tax liability, is not to be allowed against the bankruptcy estate.
 
 
 5
 The general rule "disallowing" the payment of unmatured interest out of the assets of the bankruptcy estate is a rule of administrative convenience and fairness to all creditors. The rule makes it possible to calculate the amount of claims easily and assures that creditors at the bottom rungs of the priority ladder are not prejudiced by the delays inherent in liquidation and distribution of the estate. But when concerns for administrative convenience and fairness are not present, postpetition interest will be "allowed." For example, if a creditor is oversecured--the value of his security is sufficient not only to satisfy the principal amount of the claim, but also to satisfy postpetition interest, then such interest is "allowed." 11 U.S.C. Sec. 506(b). See also United States v. Ron Pair Enterprises, Inc., --- U.S. ----, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (section 506(b) entitles holders of non-consensual, as well as consensual, over-secured claims to the unqualified recovery of postpetition interest). Postpetition interest is also payable out of the assets of the bankruptcy estate--if the debtor ultimately proves to be solvent--before any sums are returned to the debtor. To a similar extent, the concerns for administrative inconvenience and fairness are not present when a court makes a determination of whether to discharge a claim.
 
 
 6
 Sections 502(b)(2) and 523(a)(1) of the Code, read together, are not entirely clear. The House Report accompanying the Bankruptcy Reform Act of 1978, explaining section 523, states: "If the taxing authority's claim has been disallowed, then it would be barred by the more modern rules of collateral estoppel from reasserting that claim [a]gainst [sic] the debtor after the case was closed." H.R.Rep. No. 595, 95th Cong., 2d Sess. at 363-64 (1978), reprinted in 1978 U.S.Code Cong. and Admin.News 5963, 6319.
 
 
 7
 On an initial reading, the language of the House Report appears to support the view that Congress intended that this claim be barred. See H.R.Rep. No. 595, 95th Cong., 2d Sess. at 363-64 (1978), reprinted in 1978 U.S.Code Cong. and Admin.News 5963, 6319. On further investigation, one discovers, however, that the language in the Report was not intended to cover all disallowed claims. The House Report cites to Plumb, The Tax Ramifications of the Commission on the Bankruptcy Laws: Tax Procedure, 88 Harv.L.Rev. 1360, 1388 (1975), which states:
 
 
 8
 Therefore, unless the disallowance of a claim is based upon nonprovability of the debt or other grounds not going to the merits, the creditor (including a tax creditor) cannot recover in a subsequent proceeding against the debtor personally if his claim was disallowed by the bankruptcy court. Id. at 1388 (citations omitted).
 
 
 9
 Unmatured interest is not disallowed on its merits. Rather, the bases for disallowing unmatured interest are the concerns pertaining to administrative convenience and fairness to other creditors, and collateral estoppel should not apply to prevent actions attempting to enforce such claims.
 
 
 10
 Taken together, sections 502 and 523 simply demonstrate Congress' intent to codify the general principle that applied under Bruning. Postpetition interest is disallowed against the bankruptcy estate under section 502. Priority tax claims remain nondischargeable for individual debtors. Under both the Act and the Code, Congress attempted to balance the interests of the debtor, creditors and the government, and in the instance of taxes and interest on such, Congress has determined that the problems of financing the government override granting debtors a wholly fresh start. H.R.Rep. No. 595, 95th Cong., 2d Sess. at 274 (1978), reprinted in 1978 U.S.Code Cong. and Admin.News 5963, 6231. Thus, postpetition interest is nondischargeable, and the Hannas remain personally liable for that interest subsequent to bankruptcy proceedings.
 
 POSTPETITION PENALTIES
 
 11
 The bankruptcy court also held that postpetition penalties based on nondischargeable taxes are dischargeable because postpetition penalties are unmatured and are, thereby, disallowed under section 502(b)(2). The government disagrees, relying on section 523(a)(7) which provides that tax penalties, if the underlying tax with respect to which the penalty imposed is nondischargeable, are also nondischargeable. Here, the parties agreed, and the bankruptcy court found, that the underlying tax liability was nondischargeable. Under section 523(a)(7) tax penalties are generally nondischargeable. We feel, as detailed above, that the policies underlying the determination under section 502(b)(2) do not apply to the determination of whether an item is dischargeable or not and that collateral estoppel does not apply to postpetition penalties disallowed on other grounds than their merits. Thus, there is no reason to disturb the plain meaning of section 523(a)(7), and the Hannas are personally liable for postpetition penalties accruing as a result of nondischargeable tax liability.
 
 
 12
 Because of the foregoing reasons, we reverse the bankruptcy court and district court.
 
 
 
 *
 The HONORABLE GERALD W. HEANEY assumed senior status on December 31, 1988
 
 
 **
 The HONORABLE EARL R. LARSON, United States Senior District Judge for the District of Minnesota, sitting by designation