In re Martin L. REICHARTZ, Debtor.

American Family Mutual Insurance Co., Plaintiff,

v.

Martin L. Reichartz, Defendant.

Bankruptcy No. 04–34658–svk.
Adversary No. 12–2697.

United States Bankruptcy Court,
E.D. Wisconsin.

March 19, 2013.

Richard A. Check, Bankruptcy Law Office of Richard A. Check, Milwaukee, WI, Daniel J. Winter, Law Offices of Daniel J. Winter, Chicago, IL, for Debtor.

## MEMORANDUM DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT

SUSAN V. KELLEY, Bankruptcy Judge.

Martin L. Reichartz (the "Debtor") filed a petition under Chapter 13 of the Bankruptcy Code on October 13, 2004. One of his creditors is American Family Mutual Insurance Co. ("American Family"). American Family's claim is based on a June 25, 2003 judgment in the amount of $23,698.10, arising out of the Debtor's negligent operation of a motor vehicle while intoxicated. American Family filed a general unsecured proof of claim in the Debtor's bankruptcy case stating that the amount due as of the date of the petition was "$22,612.50 plus judgment interest."

The Debtor's Chapter 13 plan provided for payment of 100% of unsecured creditors' claims. The plan placed American Family's claim in its own class, and stated: **"Debtor shall pay the American Family Insurance claim in full through the Chapter 13 plan. Interest, penalties, and garnishment shall cease."** (Emphasis in original). American Family did not object to confirmation, and on November 29, 2004, the Court entered an order confirming the plan. The confirmation order specifically included the "interest shall cease" provision for American Family. American Family received payments totaling $22,612.50, and the Debtor completed

the plan in 2007. The Court entered an order discharging the Debtor on June 25, 2007.

In 2012, both American Family and the Debtor sought to reopen the bankruptcy case, and on September 24, 2012, the Court entered an order reopening the case. Shortly thereafter, both parties instituted adversary proceedings. The Debtor's complaint claims that American Family violated the discharge injunction by attempting to collect a discharged debt. According to the Debtor, American Family wrongfully applied the Chapter 13 payments to interest, costs and other charges, and claimed to be owed over $12,000 after the discharge. American Family collected some of that amount through garnishments and voluntary payments by the Debtor, and also caused suspension of the Debtor's driver's license. American Family's complaint shows that American Family recalculated the debt, applying all of the Chapter 13 payments to the principal amount of the judgment, and now seeks a determination that post-petition interest of $6,460.57 is nondischargeable.

The parties have filed cross-motions for summary judgment. Bankruptcy Rule 7056 incorporates Federal Rule of Civil Procedure 56, providing that summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The parties agree that there are no factual issues in dispute, but the Debtor claims that American Family's interest was discharged and American Family claims the interest was not discharged.

Labeling the decision "directly on point," American Family relies heavily on *Ridder v. Great Lakes Higher Educ. Corp., (In re Ridder)*, 171 B.R. 345 (Bankr. W.D.Wis.1994). In that Chapter 13 case, the plan provided that all unsecured claims would be paid pro-rata without interest. Included in the unsecured class was a non-dischargeable student loan. The plan payments on the student loan totaled $4,917.59, leaving a principal balance of $7,556.12. After successfully completing the plan and receiving her discharge, the debtor tendered $7,556.12 to the student loan creditor as payment in full. The creditor demanded post-petition interest, arguing that the interest was not included in the discharge. The *Ridder* court sided with the creditor, concluding that while the post-petition interest would not have been an allowable claim against the bankruptcy estate, the debtor's obligation to pay the post-petition interest was not discharged. *Id.* at 347. The court relied on *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), a case decided under the Bankruptcy Act of 1898, in which the Supreme Court held that post-petition interest that accrued on a tax claim was not discharged. *Bruning* was not a Chapter 13 case, and the Court did not address the issue created when a confirmed Chapter 13 plan clearly and expressly provides for discharge of post-petition interest.

The Supreme Court directly confronted the question in *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010). In *Espinosa*, a Chapter 13 debtor proposed to pay only the principal on a nondischargeable student loan debt, stating that the interest would be discharged when the debtor repaid the principal. The student loan creditor received notice of the plan and did not object. The bankruptcy court confirmed the plan, and the creditor did not appeal the confirmation order. After the debtor fully performed the plan, the court granted the debtor a discharge. Years later, the student loan creditor tried to collect the unpaid post-petition interest on the student loan. The debtor objected, claiming,

as the Debtor does here, that the creditor was bound by the plan and order of confirmation. The creditor responded with a motion to declare the confirmation order void under Bankruptcy Rule 9024 (incorporating Federal Rule of Civil Procedure 60) as contrary to the Bankruptcy Code and Rules providing that a student loan cannot be discharged except in an adversary proceeding finding undue hardship. The Supreme Court rejected the creditor's argument, and enforced the confirmation order. The Court indicated that the bankruptcy court should not have confirmed the plan with the invalid provision, but once it did, Rule 60 could not save the student loan creditor from enforcement of the order.

The Court concludes that *Espinosa,* not *Ridder,* dictates the result here. The Debtor's Chapter 13 plan unambiguously provided for discharge of American Family's post-petition interest, and American Family had notice of that provision and failed to object. If American Family had objected, it is likely that the plan would not have been confirmed. *See, e.g., Kreps v. Ill. Dep't of Healthcare & Family Servs. (In re Kreps),* 2011 WL 2749584, 2011 Bankr.LEXIS 2690 (Bankr.C.D.Ill. July 13, 2011) (collecting cases on the proposition that post-petition interest on nondischargeable claims is not discharged). However, American Family did not object, the Court confirmed the plan, and the plan now is binding on American Family.

The Debtor's motion for summary judgment is granted. American Family's motion for summary judgment is denied, and its Complaint to determine the nondischargeability of the interest debt should be dismissed. The Court will enter a separate order.