**In re SKYWALKER, INC. dba T–Birds, Debtor.**

**Annie LOO, Appellant,**

**v.**

**Craig D. MARTINSON, Trustee, John Alguire and Scott Walker, Appellees.**

**BAP No. MT–92–1180–RJMe. Bankruptcy No. 90–11656–7. Adv. No. 91–00048.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted Without Oral Argument March 19, 1993.

Decided July 1, 1993.

As Amended Aug. 18, 1993.

under either of these two doctrines. The immunity of Schade, therefore, is not within the scope of this appeal.

Phillip R. Oliver, Billings, MT, counsel for appellant Annie Loo.

Craig D. Martinson, Trustee & appellee pro se.

Before RUSSELL, JONES, and MEYERS, Bankruptcy Judges.

### OPINION

RUSSELL, Bankruptcy Judge:

The Chapter 7 [1] trustee brought an adversary proceeding to recover payments made by the debtor corporation to the appellant creditor which were made over 90 days, but within one year of filing bankruptcy, on an obligation guaranteed by officers of the debtor. The bankruptcy court found that the transfers were preferences and allowed recovery. AFFIRMED.

### I. FACTS

Creditor/Appellant Annie Loo owned a State of Montana Liquor License No. 03–101–9559–001 which was used in the operation of a restaurant she owned in Billings, Montana. Loo subsequently sold the restaurant's assets to a third party, but retained the liquor license. Loo entered into an agreement to sell the license to the debtor, Skywalker, Inc., ("Skywalker"). Skywalker operated a night club business known as "T–Birds" on the location of Loo's former restaurant.

In exchange for the license, Skywalker agreed to pay Loo a sum of $900,000.00 with interest at 10% per annum. This was to be paid by an initial payment of $2,282.70, and the balance in monthly installments of $2,282.70, principal and interest, with the entire unpaid balance due July 15, 1990. By this agreement, Skywalker granted Loo a security interest in the liquor license.

---

1. Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* and to the Federal Rules of Bankruptcy Procedure, Rules 1001 *et seq.*

The Loo's lien on the liquor license was noted on the records of the State of Montana Department of Revenue, Liquor Division, as of July 13, 1990 and noted on the license itself. However, no UCC–1 financing statement was ever filed with the state or county.

By separate agreement, individuals Scott Walker ("Walker") and John Alguire ("Alguire"), jointly and severally, agreed to unconditionally guarantee the payment by Skywalker of all sums due to Loo from the sale of the liquor license. Both Walker and Alguire are insiders of Skywalker: Walker is a shareholder and director, and both are officers of the corporation.

Skywalker filed a voluntary Chapter 11 petition on October 22, 1990 which was subsequently converted to Chapter 7. During the case, the trustee moved to sell the liquor license free and clear of liens. The court granted the motion, allowing for existing liens to attach to the proceeds, without deciding the validity of any such lien. The license was sold, with Loo's lien attaching to the proceeds.

The trustee brought an adversary proceeding (No. 91–00039) to avoid Loo's lien on the license pursuant to the "strong-arm" clause, § 544(a)(1). The bankruptcy court avoided the lien, finding the security interest to be unperfected for failure to file UCC–1 financing statement listing the liquor license as collateral with the Secretary of State of Montana.

Subsequently, the trustee brought another adversary proceeding (No. 91–00048) to avoid payments made pursuant to the sales agreement by Skywalker to Loo within one year of the filing of the original petition. The payments totalled to $74,771.69 along with interest of in the amount of $5,125.85. The adversary proceeding was brought on the basis that guarantors Walker and Alguire, as insiders of Skywalker, entitled the trustee to the extended preference recovery period of § 547(b)(4)(B). The bankruptcy court held that the payments were preferential and permitted the recovery of $79,-

897.54 from Loo under the *Deprizio*[2] rationale. Loo appeals. We AFFIRM.

## II. ISSUES

1. Whether the bankruptcy court erred in allowing the recovery of a preference during the extended preference recovery period of § 547(b)(4)(B) where the guarantors are insiders of the debtor.

2. Whether lien avoidance under § 544 along with the recovery of a preferential payment under § 547 constitutes an impermissible "double satisfaction" under § 550(c).

## III. STANDARD OF REVIEW

■ The issues in dispute are purely questions of law, reviewed *de novo*. *In re Bronner*, 135 B.R. 645, 646 (9th Cir. BAP 1992); *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 245 (9th Cir.1989); *In re McNutt*, 87 B.R. 84, 85 (9th Cir. BAP 1988); *In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1377 (9th Cir.1985); *In re Kimura*, 969 F.2d 806, 810 (9th Cir.1992).

## IV. DISCUSSION

A. *Applicability of the Deprizio reasoning.*

■ The bankruptcy court relied on the rationale of *Deprizio* and *In re C–L Cartage Co.*, 899 F.2d 1490, 1493 (6th Cir.1990) in finding a preference under § 547. Loo argues that the *Deprizio* and *C–L Cartage* decisions incorrectly interpret bankruptcy law and lead to an inequitable result. Loo asserts that the trial court erred in relying on these decisions. We disagree.

In *Deprizio*, the Seventh Circuit held, in effect, that the preference recovery period for outside creditors is one year when the payment produces a benefit for an inside creditor, including a guarantor. *Deprizio*, 874 F.2d at 1200–1. The Sixth, Tenth, and First Circuits have since adopted the *Deprizio* analysis. *In re C–L Cartage Co.*, 899 F.2d 1490, 1493 (6th Cir.1990); *In re*

---

**2.** *Levit v. Ingersoll Rand Financial Corp. (In re V.N. Deprizio Construction Co.)*, 874 F.2d 1186

(7th Cir.1989) (hereinafter *"Deprizio"*).

*Robinson Brothers Drilling, Inc.*, 892 F.2d 850 (10th Cir.1989); *Travelers Ins. Co. v. Cambridge Meridian Group Inc. (In re Erin Food Services, Inc.)*, 980 F.2d 792, 799 (1st Cir.1992). We too follow *Deprizio*.

■ Generally, subject to the exceptions found in § 547(c), payments made on an antecedent debt that enable a creditor to receive more than it would under a Chapter 7, during the 90 days before the filing of a bankruptcy petition, may be recovered by the trustee for the estate under § 547 [3] and § 550. *See Deprizio*, 874 F.2d at 1188. Creditors then share in the estate, as determined by statutory priorities under the Bankruptcy Code, rather than by the race to dismember the debtor. Payments to or for the benefit of an insider, however, may be recovered for a full year rather than the 90 day period. § 547(b)(4)(B). This extended preference period for insiders is in recognition of the advantage of insider knowledge of the financial affairs of a debtor, the insider's ability to influence the payment of their own loans over others, and the ability to delay filing the petition until the preference period has passed. *Deprizio*, 874 F.2d at 1195. An insider guarantor certainly has a strong incentive to influence the debtor corporation to pay down those debts on which he would be personally liable instead of others on which he would not be personally liable.

The *Deprizio* rationale is essentially as follows: A guarantor on a lender's debt is a "creditor" under § 101(10) because he has a contingent right to payment from the debtor. *See Deprizio*, 874 F.2d at 1190. This is because the guarantor succeeds to the lender's entitlement and would look to the debtor for recourse if the lender collected from the guarantor. *Id.* A payment by the debtor to the lender is a transfer "for the benefit of" the guarantor under § 547(b)(1) because every reduction in the debt to the lender reduces the guarantor's exposure. *Id.* Where the guarantor is also an "insider" as defined by § 101(31), the extended one year preference period applies. The transfer to the lender is therefore voidable under § 547(b)(4)(B) unless one of the exemptions in § 547(c) applies. Once the transfer is avoided under § 547, the trustee turns to § 550 for authority to recover. *Id.*

Although there have been various attacks on *Deprizio*,[4] most trot out a parade of horribles citing various inequities that could occur under certain circumstances, none of which are present before us. Much of the criticism of *Deprizio* focuses on the seeming inequity to the non-inside lender who is "unjustly" punished by the disgorgement of payments received solely because of the insider status of the guarantors. The focus of the *Deprizio* rational, however, is not on punishment to the outside lender, but rather on the preservation of the estate and the equality of distribution.[5] Preference to one lender necessarily

---

**3.** Section 547(b) reads in relevant part:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
   (1) to or for the benefit of a creditor;
   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
   (3) made while the debtor was insolvent;
   (4) made—
   (A) on or within 90 days before the date of the filing of the petition; or
   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
   (5) that enables such creditor to receive more than such creditor would receive if—

   (A) the case were a case under Chapter 7 of this title;
   (B) the transfer had not been made; and
   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

**4.** *See In re Pine Springs Farm & Casino, Inc.*, 139 B.R. 90, 92–3 (Bankr.N.D.N.Y.1992) (follows *Deprizio* but contains citations to cases and articles criticizing *Deprizio*.)

**5.** Congress specifically eliminated any element of intent or unusual behavior in a preference action for this reason. "[A] creditor's state of mind has nothing whatsoever to do with the policy of equality of distribution, and ... does little to comfort other creditors similarly situated who will receive that much less from the

means less remains to distribute to others. Distribution to creditors should be made pursuant to the provisions of the Code, not by an insider's choice motivated solely by the desire to extinguish his personal obligation to the lender who holds his guarantee. But for the insider guarantee, it is certainly doubtful that the outside lender would have received payment over other lenders.

As the Seventh Circuit stated in *Deprizio*, it is not unjust to require an outside lender to pursue the guarantors for satisfaction of their claim—it is what they bargained for. *Deprizio*, 874 F.2d at 1198.

Under the facts of this case, the *Deprizio* reasoning is sound. Here, Walker and Alguire, both by definition insiders of Skywalker, were guarantors of the debt to Loo created by the sale of the liquor license. The payments received by Loo during the extended 90 day to one year period totalled $79,897.54. None of these facts are in dispute. We hold that the *Deprizio* analysis applies to these facts and that, according to its reasoning, the bankruptcy court did not err in finding that the payments to Loo of $79,897.54 by Skywalker during the extended preference period were voidable preferences under § 547, and fully recoverable under § 550.

### B. *Double satisfaction.*

■ Loo argues that bankruptcy law allows a trustee to recover property transferred, or its value, to the extent transfers are avoided under bankruptcy law, but allows only a single satisfaction. Loo argues that the trustee received two recoveries. Loo asserts that the recovery of the liquor license through an avoidance under § 544 and its sale at full value along with the additional recovery of payments Loo received under § 547 constitute impermissible double recovery under § 550(c). We disagree.

While § 547 addresses whether or not there has been an avoidable transfer, § 550 addresses from whom a monetary recovery may be made. Section 550 reads in relevant part:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544 ... 547 ..., the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
>
>> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made;
>
> . . . . .
>
>> (c) The trustee is entitled to only a single satisfaction under subsection (a) of this section.

The avoidance of the lien under § 544 was not a satisfaction of the preference claim. The recovery of the $79,897 funds paid to Loo is the sole recovery on the preference action. No other preference recovery was obtained by the estate. The fact that the estate retained the license and received the proceeds of its sale is of no consequence to the preference action. Loo still retains an unsecured claim for the amount owed her on the unpaid portion of the contract of sale; the Skywalker estate still owes Loo. What she will receive from the estate will be determined pursuant to the distribution provisions of the Code, as will payment of other unsecured claims. She will not, however, be able to retain preferential payments in satisfaction of her claim. Section 550 simply prevents the trustee from obtaining the same recovery twice, for example once from Loo, and a second time from Walker and Alguire.

We hold that recovery of preference payments from Loo under § 547 along with the retention of the license or the proceeds from the sale of the license does not constitute a double satisfaction prohibited by § 550.

---

debtor's estate as a result of the prebankruptcy transfer to the preferred creditor. To argue that the creditor's state of mind is an important element ... is to ignore the strong bankruptcy

policy of equality among creditors." House Committee Report, H.R.Rep. No. 595, 95th Cong. 1st Sess. 1, 178 (1977); *reprinted in* 1978 U.S.C.C.A.N. 5963, 6139.

## V.   CONCLUSION

We follow the *Deprizio* line of reasoning and conclude that the bankruptcy court did not err in allowing the recovery of a preference during the extended preference recovery period of § 547(b)(4)(B) where the guarantors are insiders of the debtor.  Further, the court did not err in finding that lien avoidance under § 544 along with the recovery of a preferential payment under § 547 does not constitute an impermissible "double satisfaction" under § 550(c).  AFFIRMED.