In re SKYWALKERS, INC.,
dba T–Birds, Debtor.

Annie LOO, Appellant,

v.

Craig D. MARTINSON, Trustee;  John
Alguire;  Scott Walker, Appellees.

No. 93–35816.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 16, 1994.*

Decided March 3, 1995.

* The panel unanimously finds this case suitable for decision without argument.   Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Phillip R. Oliver, Oliver, Graves & Toennis, Billings, MT, for appellant Loo.

Craig D. Martinson, Billings, MT, for appellees.

Before: BROWNING and CANBY, Circuit Judges, and MARILYN L. HUFF, District Judge.**

CANBY, Circuit Judge:

Annie Loo appeals the Bankruptcy Appellate Panel's decision affirming the bankruptcy court's judgment in favor of the Chapter 7 trustee Craig D. Martinson. Martinson brought an adversary proceeding to recover payments made by Skywalkers, Inc. (the debtor corporation) to Annie Loo (the appellant creditor) between 90 days and one year before filing bankruptcy, on an obligation guaranteed by Walker and Alguire (officers of Skywalkers). The Bankruptcy Appellate Panel (BAP) affirmed the bankruptcy court's decision ruling that the transfers were preferential payments pursuant to 11 U.S.C. § 547 and avoiding them under 11 U.S.C. § 550.[1] We affirm.

## I.  BACKGROUND

On February 21, 1989, Skywalkers, Inc., agreed to purchase a liquor license from Annie Loo in exchange for a time payment of $90,000.00 plus interest at ten percent (10%) per annum. The terms provided for initial and monthly payments of $2,282.80 principal and interest and a balloon payment of all unpaid principal and interest on July 15, 1990. Loo retained a lien on the liquor license that was noted on the records of the Montana Department of Revenue Liquor Division and on the license itself. However, no UCC–1 financing statement was ever filed with the state or county.[2] In a separate agreement, Scott Walker (a shareholder, officer and director of Skywalkers) and John Alguire (an officer of Skywalkers) jointly and severally agreed as individuals to guarantee unconditionally this debt owed to Loo.

In July 1990, Skywalkers was unable to make the balloon payment. Skywalkers and Loo then executed a Modification of Agreements. This agreement provided that Loo would receive $63,918.64 immediately and the balance of $22,913.39 plus interest at twelve and one-half percent (12.5%) per annum within the next six months. Although insolvent at the time, Skywalkers borrowed money from other sources and paid Loo the $63,918.64. On October 27, 1990, Skywalkers filed a voluntary Chapter 11 bankruptcy petition that was later converted to Chapter 7.

The trustee then filed two related adversary actions that sought to avoid Loo's lien on the liquor license under section 544 and to recover the payments made to Loo (totalling $79,897.54) in connection with the license as preferential transfers under section 547(b). The trustee prevailed in both actions, and Loo now appeals the BAP's decision permitting recovery of the preferential payment under section 547(b).[3]

---

** The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation.

1.  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 et seq.

2.  Martinson sought to avoid the lien in a separate action. Because the bankruptcy court held that the failure to file the UCC–1 financing state-

ment meant the lien was unperfected, it avoided the lien.

3.  Martinson contends that Loo abandoned this case by failing to appear before the bankruptcy court. Loo, though, did file an answer and provide a defense and has continued with this case ever since the adverse judgment of the bankruptcy court. Loo has thus not abandoned this case.

## II. DISCUSSION

The issues in dispute on appeal are all questions of law reviewed *de novo. In re: Dewalt,* 961 F.2d 848, 850 (9th Cir.1992).

A. *The Benefit to Insiders under section 547*

■■■ The first issue raised by Loo is whether the BAP erred in ruling that the insiders Walker and Alguire, who had personally guaranteed the indebtedness to Loo, were "benefited" by the payments made to Loo on that debt.[4] The issue arises under section 547(b), which provides in relevant part:

(b) Except as provided in subsection (c) of this section,

the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the *benefit of a creditor*

.        .        .        .        .

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

. (B) between ninety days and one year before the date of the filing of the petition, *if such creditor at the time of such transfer was an insider;*

(Emphasis added). The payment to Loo fell between the 90 day and one year periods. Loo argues that the insiders did not "benefit" from this payment and thus section 547 does not apply, because Walker and Alguire believed that Loo's lien fully secured the debt they had guaranteed at the time of the payment. Loo argues that, because Walker and Alguire so believed, they were not acting to give themselves preferential treatment when they caused the partial payment of Loo's indebtedness.

Loo's argument is effectively foreclosed by our recent decision in *In re Suffolla, Inc.,* 2 F.3d 977 (9th Cir.1993). In *Suffolla,* we

adopted for this circuit the rule of *Levit v. Ingersoll Rand Financial Corp.,* 874 F.2d 1186 (7th Cir.1989). *Levit* established that when a payment to a creditor is made to reduce a debt guaranteed by an insider, the one year period of avoidance, rather than the ninety-day period, of section 547(b) applies. *Id.* at 1200–01. In *Suffolla,* we determined that this rule applied when the debt guaranteed by the insiders was under-secured at the time of filing of the bankruptcy petition, even if the debt was fully secured at the time of transfer. *Suffolla,* 2 F.3d at 985. Because the insiders were in fact better off as a result of the transfer (because the debt was under-secured at the time of bankruptcy), we held that they did benefit under section 547(b)(1). *Id.*

■■■ *Suffolla* has thus already determined that, if insiders do actually benefit from a transfer, then the transfer may be avoided even when the debt is fully secured at the time of the transfer. Here, there is no doubt that Walker and Alguire actually did benefit from the payments because the debt was under-secured at the time of bankruptcy. The insiders reduced their actual exposure on the guarantee.

Nevertheless, Loo asks us to conclude that Walker and Alguire did not "benefit" from the transfer, not because the debt was in fact fully secured at the time of the transfer, but because they *reasonably believed* the debt was fully secured at the time of the transfer. We reject this argument. Surely if a transfer can "benefit" an insider-guarantor who is fully secured at the time of the transfer, a transfer can "benefit" an insider-guarantor who merely believes that the debt is fully secured at the time of the transfer. Because Walker and Alguire actually did "benefit" from the payments within the meaning of section 547, the transfers may be avoided under the one year avoidance period.[5]

---

**4.** Loo did not raise this issue before the bankruptcy court or the BAP. Ordinarily, we will not consider an issue not raised below. *Bolker v. CIR,* 760 F.2d 1039, 1042 (9th Cir.1985). In this case, however, we elect to entertain the issue because of a change in the intervening law that brought the issue into focus. *See Romain v. Shear,* 799 F.2d 1416, 1419 (9th Cir.1986), *cert.*

*denied,* 481 U.S. 1050 (1987) (change in law pending appeal permits entertainment of issue not theretofore raised). The change in law was this court's decision in *In re Suffolla, Inc.,* 2 F.3d 977 (9th Cir.1993), discussed later in the test of this opinion.

**5.** In reaching this conclusion, we express no opinion as to whether a payment made on a debt

B. *Double Satisfaction*

Next, we are asked to consider whether Martinson's recovery of the both the liquor license and the payments to Loo for that license constitutes more than a "single satisfaction" under 11 U.S.C. § 550(c). With respect to this issue, we adopt the BAP's opinion by Bankruptcy Judge Russell, set forth below and published in 155 B.R. 526, 530 (9th Cir. BAP 1993):

Loo argues that bankruptcy law allows a trustee to recover property transferred, or its value, to the extent transfers are avoided under bankruptcy law, but allows only a single satisfaction. Loo argues that the trustee received two recoveries. Loo asserts that the recovery of the liquor license through an avoidance under § 544 and its sale at full value along with the additional recovery of payments Loo received under § 547 constitute impermissible double recovery under § 550(c). We disagree.

While § 547 addresses whether or not there has been an avoidable transfer, § 550 addresses from whom a monetary recovery may be made. Section 550 reads in relevant part:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544 ... 547 ..., the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made;

.    .    .    .    .

(c) The trustee is entitled to only a single satisfaction under subsection (a) of this section.

The avoidance of the lien under § 544 was not a satisfaction of the preference claim. The recovery of the $79,897 funds paid to Loo is the sole recovery on the preference action. No other preference recovery was obtained by the estate. The fact that the estate retained the license and received the proceeds of its sale is of no consequence to the preference action. Loo still retains an unsecured claim for the amount owed her on the unpaid portion of the contract of sale; the Skywalker estate still owes Loo. What she will receive from the estate will be determined pursuant to the distribution provisions of the Code, as will payment of other unsecured claims. She will not, however, be able to retain preferential payments in satisfaction of her claim. Section 550 simply prevents the trustee from obtaining the same recovery twice, for example once from Loo, and a second time from Walker and Alguire.

We hold that recovery of preference payments from Loo under § 547 along with the retention of the license or the proceeds from the sale of the license does not constitute a double satisfaction prohibited by § 550.

In addition to her legal argument wisely rejected by the BAP, Loo now raises the equitable argument that allowing the trustee both to avoid the lien and recover the transfer is unfair because avoiding both the lien and transfer allows the trustee to keep both the liquor license and the money that Skywalkers paid for it. Although this argument may seem plausible to Loo, it ignores the nature of bankruptcy. Bankruptcies typically involve creditors' getting less than what they are owed and trustees keeping property without fully paying for it. The avoidance and recovery provisions simply allow a trustee to return a corporation to its condition before the preferential transfers. The net effect is to put all creditors on an equal footing in the unfortunate event of a bankruptcy. Rather than being inequitable, then, allowing the trustee to avoid the preferential transfer to Loo is really the only fair result for the other creditors. Applying the longer one-year period for avoidance helps to prevent the insiders from serving their own self-interest by first paying Loo's debt, which they have guaranteed, to the detriment of other creditors whose debts they have not guaranteed. *See Levit,* 874 F.2d at 1194–95 (discussing the special problems insiders pose for bankruptcies).

guaranteed by an insider, benefits the insider when the debt is fully secured both at the time of the transfer and at the time of the bankruptcy petition.

### III. CONCLUSION

Because the insiders Walker and Alguire actually did benefit from the payments to Loo on a debt personally guaranteed by Walker and Alguire, the payments were for their "benefit" and may be recovered as preferential transfers under the one-year recovery period. In addition, section 550(c) did not preclude the trustee from both avoiding Loo's lien on the liquor license and recovering the preferential payment made to Loo for the license. The decision of the BAP is, therefore,

AFFIRMED.