NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIO PEREZ GONZALEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 20-71900

Agency No. A204-428-217

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 8, 2022
Pasadena, California

Before: FRIEDLAND and KOH, Circuit Judges, and KORMAN,[**] District Judge.

Mario Perez Gonzalez ("Petitioner"), a native and citizen of Mexico,

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

denying his motion to remand and upholding the immigration judge's ("IJ") denial

of his claims for withholding of removal and relief under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We grant the petition for review and remand to the BIA for proceedings consistent with this disposition.

During the pendency of Petitioner's appeal to the BIA, this court issued its decision in *Sanchez v. Sessions ("Sanchez II")*, 904 F.3d 643 (9th Cir. 2018), holding that an egregious violation of agency regulations may warrant termination of removal proceedings even if the petitioner cannot establish prejudice in the sense that information obtained through the egregious conduct negatively impacted his immigration proceedings.  *Id.* at 655.  Although Petitioner had not challenged the circumstances of his arrest by ICE agents in his removal proceedings before the IJ, he argued on appeal to the BIA that the ICE agents who arrested him egregiously violated agency regulations.  As relevant here, he argued that his arrest was unlawful because the ICE agents had not secured a warrant and did not identify themselves as immigration officers by making the arrest, in violation of 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii)-(iii)(A).

The BIA declined to address Petitioner's argument for termination, concluding that he had waived the argument by not raising it during the initial proceedings before the IJ.  The BIA reasoned that *Sanchez* "did not reverse prior circuit decisions or alter the framework governing motions to suppress in removal proceedings" but "merely applied a settled legal principle."

The BIA erred because *Sanchez II* was intervening authority that provided Petitioner with a new avenue for relief. *Sanchez II* held, for the first time, that a petitioner is entitled to the remedy of termination if an egregious regulatory violation "involved conscience-shocking conduct, deprived the petitioner of fundamental rights, *or* prejudiced the petitioner." *Id.* at 655 (emphasis added). Before *Sanchez*, Petitioner would have had to show prejudice from the regulatory violation to obtain relief—for example, that the evidence of his alienage that ICE agents obtained following his unlawful arrest was necessary to the Government's effort to remove him. *See Sanchez II*, 909 F.3d at 653-54. Petitioner acknowledges that he could not have made such a showing because the Government has an independent way of proving his alienage, based on his DACA application and his criminal history. Accordingly, before *Sanchez II*, there was no point in his challenging his unlawful arrest because there was no remedy that would have made a difference to his case—even suppression of the evidence obtained during the arrest would not have helped Petitioner. But, after *Sanchez II*, if Petitioner could demonstrate that his arrest involved an egregious regulatory violation, as he argues here, a court could order his removal proceedings terminated notwithstanding the lack of prejudice.[1]

---

[1] The remedy of termination was available to petitioners who could show prejudice under our court's decision in *Sanchez I*—which was withdrawn on denial

Because *Sanchez II* provided Petitioner with an avenue for relief that was previously unavailable to him, he had good cause for failing to challenge his unlawful arrest before the IJ, and the BIA erred when it concluded that Petitioner had waived the argument. *See United States v. Aguilera-Rios*, 769 F.3d 626, 631 (9th Cir. 2014) (citing *In re Skywalkers, Inc.*, 49 F.3d 546, 548 n.4 (9th Cir. 1995)) (noting that "a change in the law during the pendency of an appeal permits entertainment of an issue not previously raised"). We therefore remand to the BIA to address in the first instance Petitioner's argument that his unlawful arrest requires termination of his removal proceedings under *Sanchez II*. The BIA may decide on remand that this issue requires further factual development, and if so, may remand to the IJ for that purpose.

At this stage, we need not and do not reach the merits of Petitioner's claims for withholding of removal and CAT relief.

**PETITION GRANTED AND REMANDED.**

---

of rehearing en banc two days after the IJ ordered Petitioner removed. But it was not until *Sanchez II*—issued during the pendency of Petitioner's appeal to the BIA—that we held that termination was available not only for prejudicial regulatory violations (or for regulatory violations that also violate the Constitution, where prejudice is presumed), but also for non-prejudicial egregious regulatory violations. *See Sanchez v. Sessions ("Sanchez I")*, 870 F.3d 901, 911-13 (9th Cir. 2017), *withdrawn on denial of reh'g en banc by* 895 F.3d 1101 (9th Cir. 2018), *and superseded by Sanchez II*, 904 F.3d 643 (9th Cir. 2018). It is this innovation from *Sanchez II* on which Petitioner relies.