**In re Charles Wayne TURNER, f/d/b/a Turner Spraying Service, Debtor.**

**Charles Wayne TURNER, f/d/b/a Turner Spraying Service, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF THE TREASURY/INTERNAL REVENUE SERVICE, Defendant.**

Bankruptcy No. 82–05130.

Adv. No. 82–7343.

United States Bankruptcy Court, D. North Dakota.

Jan. 23, 1984.

Roger J. Minch, Fargo, N.D., for plaintiff.

Frank G. Gokey, Washington, D.C., Rodney S. Webb, U.S. Atty., Fargo, N.D., for defendant.

SUPPLEMENTAL ORDER

WILLIAM A. HILL, Bankruptcy Judge.

This Court entered its Memorandum and Order on November 15, 1983, finding the Plaintiff/Debtor individually liable for withheld but unpaid payroll taxes. 35 B.R. 811. The United States Department of the Treasury, as prevailing party, was directed to prepare a proposed judgment. The judgment as submitted made provision for interest on the unpaid taxes to which the Plaintiff/Debtor objected. The Plaintiff has furnished a memorandum arguing that the IRS at no time sought judgment for interest and penalties on the original $17,536.74 assessment which was made pursuant to 26 U.S.C. § 6672. The IRS takes the position that its right to interest flows by law from the underlying tax liability, citing, 26 U.S.C. § 6601(a) and (e).

While the Court did not directly address the matter of interest in its November 15, 1983, Memorandum, interest and penalties were from the inception at issue. The Notice of Lien filed with the Register of Deeds for Cass County, North Dakota, on March 18, 1982, was for $17,536.74 *plus additional penalties, interest and costs that might accrue.* The Proof of Claim for Internal Revenue taxes filed with the Bankruptcy Court set forth the interest which had accrued to petition date and further stated that *post-petition interest may be payable.* Both of these documents were referred to in the Plaintiff's Complaint whereby he prayed that the Court invalidate the tax lien filed with the Cass County Register of Deeds and further find the assessment to be invalid. By its answer, the IRS asked the Court to

find that its claim as filed be excepted from discharge. By its November 15, 1983, Memorandum Opinion, the Court granted the IRS's Motion for Summary Judgment.

 It is settled law that bankruptcy proceedings will not dispose of interest on Federal tax claims. This question has been laid to rest by the United States Supreme Court in *Bruning v. U.S.,* 375 U.S. 920, 84 S.Ct. 264, 11 L.Ed.2d 164 (1964) wherein the court held that an individual bankrupt (as opposed to the estate) remains personally liable for post-petition interest on tax claims. This rule has been followed in many later decisions. See: *In re Jaylaw Drug, Inc.,* 621 F.2d 524 (2nd Cir.1980); *In re Marietta Baptist Tabernacle,* 13 B.R. 715 (Bkrtcy.N.D.Ga.1981); and *In re Busman,* 5 B.R. 332 (Bkrtcy.E.D.N.Y.1980). The foregoing cases clearly establish that interest survives and can be asserted against a debtor personally. In the instant case, the taxes as assessed were found to be the personal liability of the Plaintiff. By that holding, the Court was referring to the assessment delineated by the Notice of Lien and the Proof of Claim, both of which referred to interest. The assessment contemplated interest and penalties and, under the law as set forth above, the IRS is entitled to both pre-petition and post-petition interest on the assessment. In light of the foregoing, it is the

FURTHER ORDER of this Court that the United States Department of the Treasury/Internal Revenue Service is entitled to judgment consisting of taxes of $17,536.74 plus interest thereon and penalties to date of payment as provided by law.