In re Charles Wayne TURNER, f/d/b/a Turner Spraying Service, Debtor.

Charles Wayne TURNER, f/d/b/a Turner Spraying Service, Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT OF the TREASURY/INTERNAL REVENUE SERVICE, Defendant-Appellee.

Civ. No. A3–84–46.
Bankruptcy No. 82–05130.
Adv. No. 82–73–43.

United States District Court,
D. North Dakota,
Southeastern Division.

Aug. 27, 1984.

---

Roger J. Minch, Fargo, N.D., for plaintiff-appellant.

Dennis Fisher, Asst. U.S. Atty., Fargo, N.D., Frank G. Gokey, Trial Atty., Michael L. Paup, Chief, App. Sec. and Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

## MEMORANDUM AND ORDER

BENSON, Chief Judge.

Plaintiff-Appellant Charles Wayne Turner, f/d/b/a Turner Spraying Service (Turner) appeals the January 23, 1984 judgment of the bankruptcy court, 37 B.R. 376, entered pursuant to a Memorandum and Order, 35 B.R. 811, filed November 15, 1983, and a Supplemental Order filed on January 23, 1984, which granted Defendant-Appellee United States Department of the Treasury/Internal Revenue Services' (IRS) motion for summary judgment in the above entitled adversary proceeding. Turner argues on appeal that summary judgment should not have been granted because a genuine issue of material fact exists, and that additional judgment interest should not have been awarded on the basis of a post Memorandum and Order Declaration.

### Background

On December 28, 1981, a delegate of the Secretary of the Treasury made a $17,-536.74 assessment, pursuant to section 6672 of the Internal Revenue Code of 1954, 26 U.S.C. § 6672, gave notice of the assessment and made demand for payment against Plaintiff-Appellant Charles Wayne Turner. The assessment was made based upon the government's determination that Turner was a person responsible for paying the withholding and Federal Insurance Contributions Act taxes of Turner Aviation Services, Inc., d/b/a Real West Airlines (Turner Aviation) for the fourth quarter of 1979, who had knowledge that these taxes* had not been paid and knowingly failed to see that they were paid at a time when there were funds available to pay them.

Plaintiff-Appellant filed for protection under Chapter 7 of the Bankruptcy Code on March 16, 1982. On October 13, 1982, he filed an adversary proceeding seeking to have the tax assessment disallowed as having no basis in fact. Defendant-Appellee IRS filed a motion for summary judgment

on May 5, 1983, which was resisted by Turner. On November 15, 1983, the Bankruptcy Court granted the motion. Judgment for the IRS was entered on January 23, 1984.

## Discussion

■ Appellant Turner raises two issues on appeal. First, Turner argues that summary judgment should not have been granted because there is a genuine factual dispute about whether or not he exercised such control over the corporation, then known as Real West Airlines, during the fourth quarter of 1979 that he should be held to be the responsible officer for the purposes of the 100 percent corporate penalty for failure to pay withholding and Social Security taxes to IRS. Turner additionally claims that the bankruptcy court erred in including interest brought to its attention for the first time after the entry of the November 15, 1983 Memorandum and Order in its Judgment.

## Motion for Summary Judgment

It is well established that a motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ.P. 56(c); *Jewson v. Mayo Clinic*, 691 F.2d 405 (8th Cir.1982). Summary judgment is justified only when, viewing the facts and inferences that may be derived therefrom in a light most favorable to the moving party, the court is convinced there is no evidence to sustain a recovery under any discernible circumstances. *Westborough Mall, Inc. v. City of Cape Girardeau*, 693 F.2d 733 (8th Cir.1982); *Ralph's Distributing Co. v. AMF, Inc.*, 667 F.2d 670, 671 (8th Cir.1981); *Vette Co. v. Aetna Casualty & Surety Co.*, 612 F.2d 1076, 1077 (8th Cir.1980).

It is the opinion of this court that no genuine issues of material fact exist and therefore the bankruptcy judge acted properly in granting summary judgment. IRS based its motion for summary judgment primarily upon the deposition testimony of Turner taken in December 1982. Plaintiff, in opposing the motion, also relied on Turner's deposition, but additionally referred to the affidavit of Graham J. Goeson, filed with the bankruptcy court in May 1983. The bankruptcy judge referred to these documents plus deposition exhibits before ruling on Defendant's motion.

The facts relied upon by the bankruptcy judge were uncontroverted. On appeal Plaintiff apparently disputes the legal conclusion the bankruptcy court drew based upon these facts. It is undisputed that at all times Turner was the company president and had the authority to sign checks. Additionally, he was involved in the day-to-day operation of Real West Airlines and was critically interested in the company's future. Based upon these facts and the applicable law, the bankruptcy court held that Turner was the person responsible for the collection and payment of the tax under 26 U.S.C. §§ 7501 and 6672.

Turner has not raised the issue of willfullness on appeal. Therefore, because there are no genuine issues of material fact, and Turner was responsible for the collection and payment of the tax, Turner is liable for payment of the 100 percent penalty.

## Interest

■ The bankruptcy court properly awarded interest on the judgment based upon the Declaration of Ed Foy, Jr., an employee of the Internal Revenue Service, Special Procedures Section. The United States is entitled to interest on the judgment as a matter of law. *See* 26 U.S.C. §§ 6601 and 6621. However, the amount of judgment cannot be computed until the date of judgment. Mr. Foy's Declaration was submitted in support of the amount of interest which had accrued to the date of judgment. The Declaration states that he was assigned to Turner's case and is an employee of the IRS Special Procedures Section, one of whose functions is to provide interest calculations in cases such as this. Therefore, Turner's claims that Mr. Foy has no personal knowledge of the facts

and is incompetent to inform the court of the amount of accrued interest are meritless. Additionally, because the declaration was executed under penalty of perjury, it has the same force and effect as an affidavit. 28 U.S.C. § 1746. Turner's argument that the Declaration is conclusory is likewise without merit.

IT IS ORDERED the January 23, 1984 judgment of the bankruptcy court is affirmed.