In re John B. CLINE and Betty Cline, Debtors.

John B. CLINE and Betty Cline, Plaintiffs,

v.

INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 82–10802 C.
Adv. No. 88–1208 C.

United States Bankruptcy Court, W.D. New York.

March 31, 1989.

Daniel F. Brown, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for I.R.S.

Michael V. Maloney, Niagara Falls, N.Y., for debtors.

JOHN W. CREAHAN, Bankruptcy Judge.

On January 22, 1982, the above named debtors filed a joint petition for relief under Chapter 13 of the Bankruptcy Code. The case was subsequently converted to one under Chapter 11. The Internal Revenue Service (I.R.S.), a creditor in the case, is the holder of a claim in the amount of $51,302.06. The claim is grounded on a one hundred (100%) percent penalty assessment against the debtors for unpaid trust fund employment taxes of Superior Welding and Manufacturing Company, Inc., a now defunct corporation of which the debtors were "responsible officers." The claim includes interest from the date of assessment (August 17, 1981) until January 22, 1982, the date the debtors filed their petition under the Code.

The debtors' plan of arrangement came on for confirmation at a hearing conducted on June 15, 1988. The plan proposes to pay the I.R.S. $42,302.06 on confirmation and the balance of $9,000 over a period of five years with a present value factor (interest) of ten (10%) percent. That proposal is not in accord with the provisions of section 1129(a)(9)(C) in that the assessment is now six years old and must be paid in full on confirmation. The I.R.S. advised the Court at the hearing on confirmation that they would consent to the treatment proposed by the debtors, but that consent was contingent on the execution by the debtors of waivers extending the statutory period within which the service could collect post-petition interest from the debtors individually following consummation of their plan.

The problem created by the I.R.S. claim being the sole obstacle to confirmation, the hearing was continued to give the debtors time to assess the I.R.S. proposal. The tax collection waivers indicate that the unpaid balance of the assessment is $97,848.22. This is $46,546.16 more than the claim which I.R.S. asserts against the debtors' bankruptcy estate. Unwilling to accept the I.R.S. offer, the debtors have filed a complaint naming the I.R.S. as defendant. (The title has been amended by stipulation substituting the United States of America.) The complaint seeks a declaratory judgment determining the amount of the debtors' obligation to the I.R.S., and adjudging that upon payment of that sum the debtors' obligation to the I.R.S. is discharged. The United States has moved to dismiss the complaint for failure to state a claim upon which relief may be granted or in the alternative for summary judgment on the issues. The plaintiffs also request summary judgment for the relief demanded in the complaint. The parties agree there is no substantial issue of fact.

Briefs have been filed on behalf of both parties. I.R.S. conscientiously points out that its claim asserted against the bankruptcy estate includes only the amount assessed, plus pre-petition interest and such sums as may constitute the present value of their claim paid over time, the ten (10%) percent proposed by the debtors. The United States argues that the obligation in issue is non-dischargeable in these individual debtors' Chapter 11 proceeding. It would seem that by virtue of the provisions of section 523(a)(1) of the Code, section 507(a)(7)(C) as subsumed therein, taken together with section 1141(d)(2), that their analysis is correct. The United States argues further that interest continues to accrue to the date of confirmation on this non-dischargeable obligation under 26 U.S.C. §§ 6621 and 6622, and is also non-dischargeable. They urge that while under section 502 this obligation for post-petition interest is not a valid claim against the debtors' bankruptcy estate, it survives the

debtors' Chapter 11 discharge. As such, the United States maintains that it may be collected from the debtors following consummation of their plan.

Initially, it must be evident to the debtors that this Court cannot confirm their plan in its present form without the government's consent. See 11 U.S.C. § 1129(a)(9)(C). Concession to the government's request, to execute the tax collection waivers, is a hobson's choice which the debtors must accept. This does nothing to set to rest their valid concerns with respect to the status of the post-petition interest and the right of the United States to collect the same, despite the fact that the debtors may have received a discharge under section 1141. 11 U.S.C. § 1141. Believing that it was for this purpose that section 2201 of Title 28 was enacted, the Court will address the balance of the issue. *See Maryland Casualty v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826, 829.

As set out in the government's brief, "The seminal case under the Bankruptcy Act addressing the issue of the dischargeability of post-petition statutory interest accruing on a non-dischargeable tax liability is the Supreme Court decision in *Bruning v. United States,* 376 U.S. 358 [84 S.Ct. 906, 11 L.Ed.2d 772] (1964)." In *Bruning,* the Court points out that under section 17 of the Bankruptcy Act of 1898, as amended, the bankrupt remained personally liable following his discharge for that portion of the principal amount of the tax debt and pre-petition interest not paid out of the bankruptcy estate. The Court further affirmed the lower court holding that the debtor also remained personally liable for post-petition interest on that tax debt.

In 1971, in the case of *In re Johnson Electrical Corporation,* 442 F.2d 281, the Second Circuit refused to distinguish the case (a Chapter XI under the Act) on the grounds that all pre-petition tax and interest had been paid in full from the estate, whereas in *Bruning,* a liquidation case, they had not. The Court stated:

> Either the filing of the petition stops the running of interest on federal tax claims

against a bankrupt or it does not. In holding the latter, *Bruning* made clear that the reasons generally causing disallowance of claims for such interest against the bankrupt estate, to wit, 'the avoidance of unfairness as between competing creditors and the avoidance of administrative inconvenience,' 376 U.S. at 362, 84 S.Ct. at 909, were inapplicable when a non-dischargeable federal tax claim was asserted against the bankrupt himself. (Citation omitted).

*In re Johnson* at 284.

In 1980, the issue was again before the Second Circuit in *In re Jaylaw Drug, Inc.,* 621 F.2d 524. In *Jaylaw,* as in *Johnson Electrical,* the I.R.S. sought to collect from the debtor following confirmation of a Chapter XI arrangement. In *Jaylaw,* the debtor sought to distinguish *Bruning,* a liquidation proceeding or in the words of the Court "an ordinary bankruptcy" from its own situation in which an arrangement had been confirmed. The Court recognized that although they had assumed in *Johnson* that *Bruning* was applicable in a reorganization case, they had not addressed that issue in a discrete fashion. In *Jaylaw* they did so. The Court acknowledges that the distinction between not collecting post-petition interest from the "estate" while doing so from the former debtor after the reorganization proceeding has terminated "may appear to be lacking in reality." Judge Friendly then concluded;

> Despite this we see no sufficient reason to depart from our decision in *Johnson Electrical* even if this panel had the power to do so, which it does not, see *United States v. Fatico,* 603 F.2d 1053, 1058 (2 Cir.1979); *Ingram v. Kumar,* 585 F.2d 566, 568 (2 Cir.1978), cert. denied, 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979). Congress was at pains to exclude from § 371, the discharge provision of Chapter XI, "such debts as, under section 17 of this Act, are not dischargeable." Section 17, as the Supreme Court noted in *Bruning,* 376 U.S. at 361, 84 S.Ct. at 908, approving the language of the Ninth Circuit,

is not a compassionate section for debtors. Rather, it demonstrates congressional judgment that certain problems —e.g., those of financing government—override the value of giving the debtor a wholly fresh start. Congress clearly intended that personal liability for unpaid tax debts survive bankruptcy. The general humanitarian purpose of the Bankruptcy Act provides no reason to believe that Congress had a different intention with regard to personal liability for the interest on such debts. (footnote omitted).

*In re Jaylaw Drug, Inc.* at 527.

In enacting the new Bankruptcy Code in 1978, Congress was likewise at pains in the case of an individual debtor to exclude from the discharge provisions of the new Chapter 11 at section 1141(d)(2) those same obligations which had previously been excepted from the discharge under section 371 of the Bankruptcy Act of 1898. 11 U.S.Code § 771. The Court has been unable to discover any indication in the legislative history, or elsewhere, that Congress, in enacting the Bankruptcy Code, intended to rewrite the law as it existed under the Act. The legislature had no difficulty in making substantial changes in existing law when it chose to do so. The legislative history is replete with instances of Congress' acknowledgment of such changes. See H.R. 595, 95th Cong. 1st Sess. p. 374, U.S.Code Cong. & Admin.News 1978, p. 5787. Several courts have held that *Bruning* is still viable, albeit these involved Chapter 7 debtors. *In re Stine*, 81 B.R. 641 (Bankr.N.D. FLA 1988) and *In re Turner,* 37 B.R. 376 (Bankr.N.D.1984) are among those cited in the government's brief. (P. 18) The leading treatise opines that the *Bruning* case will remain good law in light of the provisions of section 523(a)(1) of the Code. 3 Collier on Bankruptcy (15th ed. 1988) ¶ 523.06 p. 523–35. No indication that the *Bruning* case has been overruled has been brought to the Court's attention. The brief filed on behalf of the debtors is wide of the mark.

■ The Court finds that any post-petition interest on non-dischargeable tax obligations of the debtor is also non-dischargeable under the provisions of section 1141 of the Code. The United States' motion for summary judgment is granted. Judgment in accord with this opinion may be entered herein.