In the Matter of JAS ENTERPRISES, INC., Debtor.

In the Matter of James A. SAUER, Debtor.

Bankruptcy Nos. BK90–80898, BK90–80899.

United States Bankruptcy Court, D. Nebraska.

March 31, 1992.

Susan Knight, Lincoln, Neb., for USA, IRS.

Marion Pruss, Omaha, Neb., for debtor.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This case is before the court upon consideration of two Objections to Confirmation of Consolidated Plan filed by the Internal Revenue Service. The Objections assert that the plan attempts to discharge non-dischargeable tax claims. A stipulation of facts was filed.

The IRS holds a non-dischargeable pre-petition tax claim against James A. Sauer. The issue before the court concerns only interest and penalties which accrued between the filing of this case and the effective date of the plan (the "gap period interest and penalties"). The consolidated plan, as modified, purports to discharge debtor, James A. Sauer, from liability for gap period interest and penalties. Debtor contends that gap period interest and penalties are dischargeable. The Internal Revenue Service vigorously objects. The Objections to the plan are sustained.

We must carefully distinguish between two separate, but related questions. The first is whether interest and penalties arising in the gap period in a Chapter 11 case are dischargeable. The second is whether the claim for gap period interest and penalties is an allowed claim under § 502.

The dischargeability issue has been resolved by the Eighth Circuit Court of Appeals, which held that post-petition interest on non-dischargeable federal and state taxes could be enforced against a Chapter 7 debtor after a discharge had been entered under § 727. *See In re Hanna,* 872 F.2d 829 (8th Cir.1989). The same non-dischargeability rule should apply in a Chapter 11 case. Code § 727 does not discharge

a Chapter 7 debtor from debts which are non-dischargeable under § 523. Similarly in Chapter 11, § 1141(d)(2) makes clear that confirmation of a Chapter 11 plan does not discharge an individual from debts excepted from discharge under § 523.

The court in *Hanna* also concluded that debtors remain liable for post-petition penalties accruing as a result of non-dischargeable taxes. The same result follows in a Chapter 11 case by virtue of § 1141(d)(2).

The interest and penalties which have accrued on non-dischargeable pre-petition tax claims are non-dischargeable in this Chapter 11 case. *See In re Cline,* 100 B.R. 660 (Bkrtcy.W.D.N.Y.1989). Any contrary provision in the consolidated plan must be deleted.

The finding of non-dischargeability should not be confused by arguments predicated on § 1129 which sets forth confirmation standards. Section 1129 does not address the issue of whether the gap period interest and penalties may be discharged. It deals with how allowed claims must be treated under the plan. Code § 502 governs allowance of claims for gap period interest and penalties.

█ Under § 502, claims for unmatured interest are not allowed. Likewise, claims for unmatured penalties should not be allowed. *See In re Cline, supra* at 661.

█ The conclusion that James A. Sauer remains personally obligated for gap period interest and penalties does not entirely resolve the dispute between the IRS and debtors. If the United States is permitted to collect its non-dischargeable claim for gap period interest and penalties from Mr. Sauer after confirmation of the plan, Mr. Sauer's performance of his obligations under the plan may become impossible. To make the proposed plan feasible, it may be necessary, as a practical matter, for the plan to provide for payment of gap period interest and penalties. I recommend that the parties discuss this matter and consider separate classification of the claim for gap period interest and penalties and to provide for its payment in full over a period of time. Separate classification and treat-

ment is arguably justified under the four part test recently adopted by the Eighth Circuit Court of Appeals in *In re Leser,* 939 F.2d 669 (8th Cir.1991). Any such proposed treatment, of course, would be subject to notice and hearing requirements, and I do not purport to rule on the matter.

The Objections of the Internal Revenue Service are sustained. Debtor shall amend the consolidated plan within thirty (30) days hereof.

IT IS SO ORDERED.