In re Gary and Charlotte
HEISSON, Debtors.

Bankruptcy No. 91–42859–JFQ.
Docket Nos. 82, 83.

United States Bankruptcy Court,
D. Massachusetts.

Feb. 15, 1996.

Carl D. Aframe, Law Offices of Carl D. Aframe, Worcester, MA, for Gary J. Heisson, Charlotte S. Heisson (Debtors).

Carina J. Campobasso, Trial Attorney, Tax Division, U.S. Dept. of Justice, Washington, DC, for U.S. and I.R.S.

Marvis A. Knospe, Special Assistant, U.S. Attorney, Dept. of the I.R.S., Boston, MA, for I.R.S.

## OPINION

JAMES F. QUEENAN, Jr., Bankruptcy Judge.

After confirmation of a chapter 11 plan proposing to pay in full, with interest from confirmation, taxes which are nondischargeable under section 523(a)(1), is there a surviving debt for postpetition, preconfirmation interest? I hold this "gap" interest debt does not survive.

Gary and Charlotte Heisson, husband and wife (the "Debtors"), filed a joint chapter 11 petition on November 8, 1991. Following negotiations with the IRS on prepetition (and postpetition) taxes, the Debtors and the IRS agreed the prepetition tax claim was $25,926.23. Pursuant to that agreement, on May 3, 1995 the IRS filed an amended proof of claim for $25,926.23, computed as follows: priority—$20,560.10, secured (and priority)—$4,596.74,[1] nonpriority and unsecured—$769.39.

On May 31, 1995, I entered an order confirming the Debtors' chapter 11 plan. The order provided in part: "The Internal Revenue Service shall be deemed to have a secured and priority claim in the sum of $25,156.84 which shall be paid in monthly payments for a period of six (6) years beginning July 22, 1995 at an interest rate of 10%.... The general unsecured claim of $769.39 per the last proof of claim dated May 3, 1995 for prepetition IRS taxes shall be deemed an unsecured claim and shall be treated in accordance with section (J) of the Plan."

Shortly after confirmation, the IRS informed the Debtors it intended to seek immediate collection of postpetition, preconfirmation interest on the $25,156.84 of priority taxes. After discussions with Debtors' counsel, the IRS modified its position, stating it would not seek collection of this "gap" interest until after completion of payments under the Debtors' six-year plan. It intends also to seek interest on the interest.

The Debtors move for an injunction against the IRS seeking to collect the "gap" interest. Contending that its position is well established in the case law, the IRS moves for sanctions.

There is no dispute that $25,156.84 of taxes are nondischargeable pursuant to section 523(a)(1). The IRS bases its interest rights upon section 1141(d)(2) of the Bankruptcy Code, which provides:

---

1. The parties have not provided information on the nature or value of the security. I assume its value is not sufficient to permit postpetition interest accrual under section 506(b) of the Bankruptcy Code.

"The confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title."

11 U.S.C. § 1141(d)(2) (1988).

Section 1141(d)(2) has no relevance here for two reasons. First, section 1141(d)(2) does not apply to a plan such as the Debtors' which pays a 100% dividend. The Debtors' six-year payment plan is based upon section 1129(a)(9)(C). That statute authorizes a nonconsensual plan provision under which the holder of a tax claim "will receive on account of such claim deferred cash payments, over a period not exceeding six years after the date of assessment of such claim, of a value, as of the effective date of the plan, equal to the allowed amount of such claim." 11 U.S.C. § 1129(a)(9)(C) (1988). To treat section 1141(d)(2) as trumping section 1129(a)(9)(C) would make the latter section meaningless. Section 1141(d)(2) must, therefore, be construed to refer only to the unpaid portion of a claim under a plan paying less than a 100% dividend. Courts have so held. *In re Wasson*, 152 B.R. 639 (Bankr.D.N.M.1993); *In re Christian*, 25 B.R. 438 (Bankr.D.N.M.1982). *Compare In re Ridder*, 171 B.R. 345 (Bankr. W.D.Wis.1994) (postpetition gap interest not discharged under plan paying nondischargeable debt less than 100%). The IRS seems to concede section 1141(d)(2) has no application to the prepetition claim, judging from its willingness to abide by the Debtors' plan paying that claim in full.

■ Second, section 1141(d)(2) refers to a "debt" excepted from discharge under section 523, which also refers to a "debt." A "debt" is defined to mean "liability on a claim" 11 U.S.C. § 101(12) (1988 & Supp. V 1993). Where, as here, the debtor is insolvent, a "claim" does not include postfiling interest. 11 U.S.C. §§ 502(b)(2), 726(a) (1988).

■ What, then, becomes of the postpetition, preconfirmation interest which is the subject of this dispute? It is disallowed under the general rule of section 502(a)(2) disallowing postfiling interest on unsecured claims. It is a casualty of bankruptcy. This is a rule of long-standing, *Sexton v. Dreyfus*, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244 (1911), and applies equally to tax claims. *City of New York v. Saper*, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710 (1949). The rule is based upon two considerations. Payment of postpetition interest is regarded as an unfair penalty because the postpetition delay is necessitated by a bankruptcy law which requires proper administration of bankruptcy estates. *Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156, 163, 67 S.Ct. 237, 240, 91 L.Ed. 162 (1946). The rule also has in mind the administrative convenience of avoiding the computation and application of varying interest rates to all claims. *Id.* at 164, 67 S.Ct. at 240.

The IRS cites *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964); *Burns v. United States (In re Burns)*, 887 F.2d 1541 (11th Cir.1989); *Hanna v. United States (In re Hanna)*, 872 F.2d 829 (8th Cir.1989). These decisions, however, all deal with nondischargeable claims which were only partially paid in the bankruptcy proceeding. Because in those cases the debtor's obligation on the unpaid principal portion was not discharged, the courts held that interest on that portion remained undischarged as well. Here, however, the entire allowable tax claim is to be paid in full, with interest from the date of confirmation.

■ The Debtors' request for an injunction must nevertheless be denied, on both procedural and substantive grounds. With exceptions not relevant here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421. Moreover, a request for injunctive relief should be made by complaint rather than motion. Fed. R.Bankr.P. 7001.

A separate order has issued which declares the Debtors' freedom from liability for the "gap" interest and denies the motion for sanctions because of the merits of the Debtors' case.