UNITED STATES OF AMERICA,
Appellant,

v.

Gary and Charlotte HEISSON, Appellees.

No. 96–40062–NMG.

United States District Court,
D. Massachusetts.

Dec. 11, 1997.

Carina J. Campobasso, Trial Attorney, Charles J. Cannon, Washington, DC, U.S. Department of Justice, Tax Division, for Appellant.

Carl D. Aframe, Law Office of Carl D. Aframe, Worcester, MA, for Appellee–Debtor.

Robert A. Carleo, Jr., Mass. Dept. of Revenue, Litigation Bureau, for Mitchell Adams, Commissioner of Revenue.

## MEMORANDUM AND ORDER

GORTON, District Judge.

On February 15, 1996, the Bankruptcy Court issued an Order declaring the Debtors, Gary and Charlotte Heisson, free from liability for post-petition, pre-confirmation interest ("Gap Interest") on the pre-petition, non-dischargeable tax claim of the Internal Revenue Service ("IRS"). Pending before this Court is the appeal of that Order.

### I. Background

Gary and Charlotte Heisson, husband and wife ("the Debtors"), filed a joint petition for Chapter 11 bankruptcy on November 8, 1991. As of the petition date, the Debtors owed to the IRS $25,156.84 in unpaid taxes plus $769.39 in tax penalties. It is undisputed that those taxes and penalties are non-dischargeable pursuant to § 523, *inter alia*.[1]

On May 31, 1995, the Bankruptcy Court entered an order confirming the Debtors' Chapter 11 Plan of Reorganization. The Plan proposes to pay the IRS's pre-petition secured and priority claims in full. Payment of the claims, including priority claims for taxes plus interest calculated as of the petition date, is to be made in deferred cash payments over a six-year period with post-confirmation interest due on the unpaid balance. The Plan also provides for payment of 10% of the IRS's general unsecured claim of $769.39.

Shortly after confirmation, the IRS informed the Debtors that it would seek collection of Gap Interest outside the Plan, but that it would delay collection thereof until after the Debtors completed payments under their six-year plan. The Debtors sought an injunction against the IRS barring it from collecting Gap Interest and the IRS opposed arguing, *inter alia*, that such interest was

1. Unless otherwise noted, all sections refer to the Bankruptcy Code.

2. Section 1129(a)(9)(C) provides:
   (a) The court shall confirm a plan only if all of the following requirements are met: . . .
   (9) Except to the extent that the holder of a particular claim had agreed to a different treatment of such claim, the plan provides that— . . .

excepted from discharge pursuant to § 1141(d)(2).

Though it denied the request for injunctive relief, the Bankruptcy Court held that the Debtors were free from liability for Gap Interest because their plan proposed full payment of the IRS's non-dischargeable, pre-petition priority tax claim, including pre-petition interest. *In re Heisson*, 192 B.R. 294 (Bankr.D.Mass.1996). This appeal ensued.

### II. Analysis

#### A. Standard of Review

A District Court reviewing the decision of a Bankruptcy Court applies a clearly erroneous standard to findings of fact and *de novo* review to questions of law. *In re Winthrop Old Farm Nurseries, Inc.*, 50 F.3d 72, 73 (1st Cir.1995). Conclusions of law are reviewed *de novo* and are set aside only when they are made in error or constitute an abuse of discretion. *In re DN Associates*, 3 F.3d 512, 515 (1st Cir.1993).

#### B. The Bankruptcy Court Decision

The Bankruptcy Court held that § 1141(d)(2) was irrelevant to this situation because that section of the Code does not apply to a plan which pays a 100% dividend. The Bankruptcy Court reasoned that if § 1141(d)(2) applied when a plan pays a 100% dividend, it would render meaningless § 1129(a)(9)(C).[2]

The Bankruptcy Court further held that § 1141(d)(2) was irrelevant here because it refers to "debt" excepted from discharge under § 523. Referring to § 101(12), the Bankruptcy Court found that debt is "liability on a claim". Where, as here, the Debtor is insolvent, § 502(b)(2) forbids the filing of a proof of claim for Gap Interest. The Bankruptcy Court concluded that because there

(C) with respect to a claim of a kind specified in section 507(a)(8) of this title [taxes], the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding six years after the date of the assessment of such claim, of a value, as of the effective date of the plan, equal to the allowed amount of such claim.

was no proof of claim filed for Gap Interest, there was no claim and, therefore, no debt. The Bankruptcy Court held that because § 1141(d)(2) applies only to debt, it is inapplicable here because there is no debt.

### C. *Applicability of § 1141(d)(2)*

In order to prevent a perceived conflict between two provisions of the Bankruptcy Code, the Bankruptcy Court has apparently diminished the intended effect of § 1141(d)(2) by making dischargeable that which Congress intended to make non-dischargeable. Section 1141(d)(2) is an expressly considered exception to a broad discharge provision. Read in the context of § 1141 as a whole, it is apparent that subsection (d)(2) thereof need not be narrowed to avoid rendering § 1129(a)(9)(C) meaningless. Section 1141 provides in pertinent part:

(a) Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor ... and any creditor ... whether or not the claim or interest of such creditor, ... is unimpaired under the plan and whether or not such creditor, ... has accepted the plan. . . .

(c) Except as provided in subsections (d)(2) and (d)(3) of this section and except as otherwise provided in the plan or order confirming the plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors ...

(d)(1) Except as provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—

(A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in sections 502(g), 502(h), or 502(i) of this title, whether or not—

(i) proof of the claim based on such debt is filed or deemed filed under section 501 of this title;

(ii) such claim is allowed under section 502 of this title; or

(iii) the holder of such claim has accepted the plan; ...

(2) The confirmation of a plan does not discharge an individual debtor from any debt excepted under section 523 of this title.

Subsection (d)(2) thus reflects an expressly considered congressional judgment that certain kinds of debts will remain non-dischargeable even after confirmation of a plan, despite the broad discharge provided under § 1141(d)(1)(A). *See In re Grynberg,* 986 F.2d 367, 371 (10th Cir.1993) (court bound by congressional judgment placing a higher value on collection of revenue than rehabilitation of the debtor).

Section 1129(a)(9), on the other hand, governs the treatment of priority claims under a plan. By definition such claims include interest only to the date of petition. The non-dischargeability of Gap Interest is a separate issue:

The finding of non-dischargeability should not be confused by arguments predicated on § 1129 which sets forth confirmation standards. Section 1129 does not address the issue of whether the gap period interest and penalties may be discharged. It deals with how allowed claims must be treated under the plan.

*Matter of JAS Enterprises, Inc.,* 143 B.R. 718, 719 (Bankr.D.Neb.1992).

### D. *Applicability of Bruning under the Bankruptcy Code*

Under the Bankruptcy Act of 1898, Gap Interest on non-dischargeable debt was likewise non-dischargeable whether or not the underlying claim was paid in full by the bankruptcy estate. *See Bruning v. United States,* 376 U.S. 358, 363, 84 S.Ct. 906, 909, 11 L.Ed.2d 772 (1964). If Congress had intended to change that rule under the Bankruptcy Code, it would have made that intent clear in the language of the statute. *See Midlantic National Bank v. New Jersey Dept. of Environmental Protection,* 474 U.S. 494, 501, 106 S.Ct. 755, 759–60, 88 L.Ed.2d 859 (1986). The language of § 1141(d)(2) provides confirmation, however, that Congress did not intend to change the pre-Code law in that regard.

In *Bruning,* a liquidation proceeding under the Bankruptcy Act of 1898, the United

States Supreme Court held that post-petition interest may be collected from the debtor personally even though it may not be collected from the bankruptcy estate. 376 U.S. at 363, 84 S.Ct. at 909. The debtor in *Bruning* asserted that the longstanding rule, now codified in § 502(b)(2), disallowing creditors' claims for post-petition interest against the bankruptcy estate, also applies to discharge the debtor from personal liability for such interest even if the underlying debt is not discharged. The Court rejected that contention stating that the reasons for the rule denying post-petition interest as a claim against the bankruptcy estate do not apply to an action brought against the debtor personally. *Id.* at 363, 84 S.Ct. at 909.

In the instant case there is no dispute that the underlying debt to the IRS is non-dischargeable. Nor does the IRS seek to collect Gap Interest from the estate. The reasoning in *Bruning*, therefore, applies here.

Several courts of appeals' decisions arising under the Bankruptcy Act support such a holding. *See United States v. River Coal Co., Inc.*, 748 F.2d 1103, 1106–07 (6th Cir. 1984) (extending *Bruning* to Gap Interest on non-dischargeable tax debts in Chapter XI proceedings where the tax claim was paid in full under the plan); *In re Jaylaw Drug, Inc.*, 621 F.2d 524, 528 (2d Cir.1980) (same); *Hugh H. Eby Co. v. United States*, 456 F.2d 923, 925 (3d Cir.1972) (same); *In re Johnson Electrical Corp.*, 442 F.2d 281, 283–84 (2nd Cir.1971) (same).

Most decisions under the Bankruptcy Code also support such a holding. *See, e.g., Leeper v. Pennsylvania Higher Education Assistance Agency*, 49 F.3d 98, 104 (3rd Cir.1995); *In re Fullmer*, 962 F.2d 1463, 1468 (10th Cir.1992); *In re Burns*, 887 F.2d 1541, 1543 (11th Cir.1989); *In re Hanna*, 872 F.2d 829, 831 (8th Cir.1989); *In re Willauer*, 192 B.R. 796, 801 n. 4 (Bankr.D.Mass.1996); *JAS Enterprises*, 143 B.R. at 719; *In re Fox*, 130 B.R. 571, 575 (Bankr.W.D.Wash.1991). *But see In re Wasson*, 152 B.R. 639, 642 (Bankr. D.N.M.1993).

The Bankruptcy Court concluded that *Bruning* did not apply to the present case because it dealt with non-dischargeable claims which were only partially paid in the bankruptcy proceeding, whereas, here the claims are to be fully paid in the bankruptcy proceedings. The Court draws that distinction apparently to reconcile § 1141(d)(2) and § 1129(a)(9)(C), but the effort, in this Court's opinion, was unnecessary.

Several circuit courts have rejected the distinction altogether. *River Coal*, 748 F.2d at 1107; *Eby*, 456 F.2d at 925; *Johnson Electrical*, 442 F.2d at 284. The distinction between post-petition interest where the underlying tax is left unpaid and where it is fully paid "is not sufficiently substantial to warrant a different result. Either the filing of the petition stops the running of interest on federal tax claims against a bankrupt or it does not." *Johnson Electrical*, 442 F.2d at 284. Similarly, the Third Circuit in *Eby* noted:

> That the underlying taxes were later paid in full here does not affect the fact that appellant had the use of the Government's money during the period of the reorganization proceeding, and that since the underlying debt is not discharged by operation of Section 17 of the Bankruptcy Act, 11 U.S.C. § 35 (1964) neither is the interest which accrues by reason of the use of such money during the pendency of the proceedings.

456 F.2d at 925. The nature and purpose of interest does not change simply because the underlying debt is satisfied or fully provided for under the plan.

### E. *Section 502(b)(2) and the Definition of Debt*

The Bankruptcy Court concluded that the disallowance of claims for Gap Interest under § 502(b)(2) operates to discharge Gap Interest on non-dischargeable debt. The definition of the term "claim" does not, however, require allowance of a proof of claim to establish a claim's existence. *Grynberg*, 986 F.2d at 371 ("In view of this expansive definition of the term 'claim', we have no difficulty characterizing the gift taxes as a disputed right to payment, thus qualifying as a 'debt' that can be excepted from discharge under § 523."); *see also Hanna*, 872 F.2d at 831 ("Taken together, sections 502 and 523 simply demonstrate Congress' intent to codify

the general principle that applied under *Bruning*."). Section 502(b)(2) does not, therefore, prevent creditors from collecting from individual debtors Gap Interest on non-dischargeable debt. *Leeper*, 49 F.3d at 100–01, 104.

### F. *Estoppel*

The Debtors contend that the IRS is estopped from asserting a claim for Gap Interest because 1) the IRS negotiated its tax claim with the Debtors and 2) the IRS could have filed an amended claim to protect its interest. Both contentions are factually incorrect.

First, the Bankruptcy Court appears to have found that the IRS did not agree to give up its right to collect Gap Interest from the Debtors. At a hearing held in the Bankruptcy Court on February 6, 1996, the Court stated that it "assume[d] the interest simply wasn't discussed . . ."

Second, under § 502(b)(2), the IRS was forbidden from filing a proof of claim that included unmatured interest. This Court concludes, therefore, that the IRS is not estopped from asserting a claim for Gap Interest.

### ORDER

For the foregoing reasons, the order of the Bankruptcy Court is vacated and its decision is reversed.

So ordered.