**In re ARTISAN WOODWORKERS,**
**Debtor.**

**STATE OF CALIFORNIA, STATE**
**BOARD OF EQUALIZATION,**
**Appellant,**

**v.**

**John C. WARD, doing business**
**as Artisan Wood Workers,**
**Appellee.**

**BAP No. NC–97–1284–SMeRy.**
**Bankruptcy No. 86–10107.**
**Adversary No. 95–1152.**

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted Jan. 22, 1998.

Decided Sept. 18, 1998.

Julian O. Standen, Deputy Attorney General, San Francisco, CA, for State Board of Equalization.

Richard V. Day, Napa, CA, for Artisan Woodworkers.

Before: SMITH,[1] RYAN, and MEYERS, Bankruptcy Judges.

## OPINION

SMITH, Bankruptcy Judge.

The State Board of Equalization ("Appellant") appeals a decision of the bankruptcy court finding that the appellee and debtor, John C. Ward, d.b.a. Artisan Woodworkers ("Debtor"),[2] was not personally liable for postpetition, pre-confirmation interest and penalties since all prepetition tax debt was fully paid through the Debtor's Chapter 11 plan. We REVERSE.

## I. FACTS

The operative facts in this case are undisputed. On January 24, 1986, the Debtor filed a voluntary chapter 11 petition. On May 14, 1986, the Appellant timely filed a proof of claim in the amount of $15,595.07 for prepetition tax and interest.[3] The proof of claim also included post-confirmation interest at a rate to be determined by the bankruptcy court, but did not include postpetition, *pre-confirmation* interest or penalties. On February 10, 1989, the bankruptcy court entered an order confirming the Debtor's chapter 11 plan. The plan provided for full payment of the amount set forth in the Appellant's proof of claim, plus post-confirmation interest at the rate of ten percent (10%) per annum over thirty-seven (37) months. The plan did not include payment of postpetition, pre-confirmation interest and penalties. The Appellant did not object to confirmation of the plan. The Debtor thereafter completed all payments required to be made under the plan. Subsequent to the entry of the order

1. Hon. Erithe Smith, Bankruptcy Judge for the Central District of California, sitting by designation.

2. Notwithstanding the fact that the bankruptcy caption formally reads "In re Artisan Woodworkers," the parties have stipulated that Artisan Woodworkers is John Ward's sole proprietorship and that John Ward should be treated as the debtor.

3. The parties agree that the prepetition tax and interest owed to Appellant is entitled to priority under 11 U.S.C. § 507(a)(7) and is therefore nondischargeable under 11 U.S.C. § 523(a)(1). [The Bankruptcy Reform Act of 1994 added a new § 507(a)(7) and renumbered the prior § 507(a)(7) as 507(a)(8). The 1994 amendments do not apply to cases filed before October 22, 1994.]

confirming the plan, the Appellant assessed interest and penalties for the postpetition, pre-confirmation period against the Debtor and, on January 10, 1994, recorded a lien in the amount of $11,728.74 reflecting this debt.

On August 2, 1995, the Debtor commenced the instant adversary proceeding, alleging that the Appellant's collection efforts violated his discharge under § 1141 of the Bankruptcy Code [4] and the permanent injunction provision imposed by § 524. Following trial, the bankruptcy court issued its judgment in favor of the Debtor, ruling that the Appellant is permanently enjoined from collecting postpetition, pre-confirmation interest and penalties from the Debtor personally. The Appellant appeals this judgment.

## II. ISSUES

A. Whether the bankruptcy court erred in holding that postpetition, pre-confirmation interest and penalties on a nondischargeable tax are discharged when a confirmed chapter 11 plan provides for full payment of the prepetition default and interest thereon.

B. Whether the Appellant waived any right it may have had to postpetition, pre-confirmation interest and penalties by not objecting to confirmation of the Debtor's plan.

## III. STANDARD OF REVIEW

Both issues before this panel are legal questions which are reviewed *de novo. In re Skywalkers, Inc.,* 49 F.3d 546, 547 (9th Cir.1995); *In re Dewalt,* 961 F.2d 848, 850 (9th Cir.1992).

## IV. DISCUSSION

A. *Did the bankruptcy court err in holding that postpetition, pre-confirmation interest and penalties on a nondischargeable tax are discharged where the prepetition debt and post-confirmation interest are paid in full pursuant to a confirmed Chapter 11 plan?*

The United States Supreme Court addressed the issue of dischargeability of postpetition interest on a debt for priority taxes in *Bruning v. United States,* 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), a chapter 7 case decided under the Bankruptcy Act of 1898 ("Act"). In *Bruning,* the Internal Revenue Service sought to collect the unpaid principal of the tax debt, including prepetition and postpetition interest against the debtor individually, approximately four years following the debtor's discharge. The debtor disputed personal liability for postpetition interest on the grounds that such liability was discharged by the bankruptcy proceedings. The Supreme Court disagreed, holding that such postpetition interest was indeed nondischargeable under § 17 of the Act: [5]

> Initially, one would assume that Congress, in providing that a certain type of debt should survive bankruptcy proceedings as a personal liability of the debtor, intended personal liability to continue as to the interest on that debt as well as to its principal amount. Thus, it has never been seriously suggested that a creditor whose claim is not provable against the trustee in bankruptcy loses his right to interest in post-bankruptcy action brought against the debtor personally. In most situations, interest is considered to be the cost of the use of the amounts owing to a creditor and an incentive to prompt repayment and, thus, an integral part of a continuing debt. Interest on a tax debt would seem to fit that description. Thus, logic and reason indicate that post-petition interest on a tax claim excepted from discharge by § 17 of the Act should be recoverable in a later action against the debtor personally, and there is no evidence of any congressional intent to the contrary.

*Bruning,* 376 U.S. at 360, 84 S.Ct. 906.

The Supreme Court further held that the general rule which excepts postpetition interest as a claim against the bankruptcy estate

---

4. Unless otherwise noted, all references to statutory code sections are from the Bankruptcy Code, Title 11 of the United States Code and all amendments thereto.

5. Section 17 of the Act provides in relevant part: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are due as a tax levied by the United States...."

does not operate to discharge the debtor from personal liability if the underlying debt would be nondischargeable under § 17 of the Act. In this regard, the Supreme Court noted that the policy in favor of denying postpetition interest as a claim against the bankruptcy estate, i.e., the avoidance of unfair treatment between competing creditors and the avoidance of administrative inconvenience, has no application in an action against the debtor personally. *Id.* at 362–63, 84 S.Ct. 906.

In sum, the Supreme Court ruled unequivocally that the personal liability of an individual debtor for postpetition interest on an unpaid, nondischargeable tax debt survives the bankruptcy discharge.

Although *Bruning* was decided under the Act, we have recently held that *Bruning* remains good law under the Code. *In re Pardee*, 218 B.R. 916, 921 (9th Cir. BAP 1998). As we noted in *Pardee*, five circuit courts have ruled that the holding in *Bruning* is applicable to cases decided under the Code: *Leeper v. Pennsylvania Higher Educ. Assistance Agency (In re Leeper)*, 49 F.3d 98, 101–102 (3d Cir.1995) (citing with approval those courts of appeals that have applied *Bruning* to cases arising under the Code); *Fullmer v. United States (In re Fullmer)*, 962 F.2d 1463, 1468 (10th Cir.1992) ("Interest that accrues postpetition on a nondischargeable prepetition tax debt survives bankruptcy as a personal liability."); *Burns v. United States (In re Burns)*, 887 F.2d 1541, 1543 (11th Cir.1989) (in enacting the Code, Congress did not intend to overturn the *Bruning* rule); *Hanna v. United States (In re Hanna)*, 872 F.2d 829, 831 (8th Cir.1989) ("Taken together, sections 502 and 523 simply demonstrate Congress' intent to codify the general principle that applied under *Bruning*."); and *Bradley v. United States (In re Bradley)*, 936 F.2d 707, 709–10 n. 3 (2nd Cir.1991) (stating in dicta that the "weight of authority" allows the postpetition accrual of interest on nondischargeable prepetition tax debts). In addition, several bankruptcy courts have applied the *Bruning* ruling to cases decided under the Code. *See Cline v. Internal Revenue Service (In re Cline)*, 100 B.R. 660, 663 (Bankr.W.D.N.Y.1989) ("No indication that

the *Bruning* case has been overruled has been brought to the Court's attention."); *In re Stine*, 81 B.R. 641, 643 (Bankr.N.D.Fla. 1988) (under *Bruning*, the debtor is personally liable for postpetition interest on taxes rendered nondischargeable under § 523(a)(1)); *Turner v. United States Department of the Treasury/Internal Revenue Service (In re Turner)*, 37 B.R. 376, 377 (Bankr.N.D.1984) (under the authority of *Bruning*, an individual debtor remains personally liable for postpetition interest on nondischargeable tax claims), *aff'd*, 43 B.R. 752 (D.N.D.1984). *See also* 4 *Collier on Bankruptcy* (15th ed. rev.1998), ¶ 523.07 p. 523–40 ("The *Bruning* case remains good law even in the light of the provisions of section 523(a)(1).... If the tax debt is within one of the enumerated exceptions and is not discharged, the *Bruning* case may be applied to postpetition interest and penalties, making them collectible out of the debtor's after-acquired property.").

In *Cline*, the bankruptcy court reviewed the legislative history of the Code and concluded:

In enacting the new Bankruptcy Code in 1978, Congress was likewise at pains in the case of an individual debtor to exclude from the discharge provisions of the new Chapter 11 at section 1141(d)(2) those same obligations which had previously been excepted from the discharge under section 371 of the Bankruptcy Act of 1898. 11 U.S.C. § 771. The Court has been unable to discover any indication in the legislative history, or elsewhere, that Congress, in enacting the Bankruptcy Code, intended to rewrite the law as it existed under the Act. The legislature had no difficulty in making substantial changes in existing law when it chose to do so.

*Cline*, 100 B.R. at 663.

Many courts have interpreted the broad language in *Bruning*, a chapter 7 case, to apply to chapter 11 cases as well. *In re Fullmer*, 962 F.2d at 1467–68; *In re Cline*, 100 B.R. at 663; *In re Jaylaw Drug, Inc.*, 621 F.2d 524 (2d Cir.1980) (accrued postpetition interest and penalties on nondischargeable pre-petition tax claims are nondischargeable in a chapter 11 case); *In re*

*Turgeon,* 158 B.R. 328, 330 (Bankr.W.D.N.Y. 1993) (citing *Bruning* for the proposition that an individual debtor in chapter 11 is personally liable for postpetition interest on nondischargeable tax debt); *In the Matter of JAS Enterprises,* 143 B.R. 718, 719 (Bankr.D.Neb.1992) (a chapter 11 plan does not discharge an individual debtor from personal liability for "gap period" interest and penalties accruing between the petition filing date and the effective date of the plan with respect to nondischargeable taxes). *Cf. In re Willauer,* 192 B.R. 796, 800 (Bankr. D.Mass.1996) (stating in dicta its agreement with *Bruning* that interest and penalties on nondischargeable taxes may be collectible from the debtor, despite the discharge of other legal obligations).

The Debtor, however, refers this panel to the decisions in *In re Heisson,* 192 B.R. 294, 296 (Bankr.D.Mass.1996) and *Winchell v. Town of Wilmington (In re Winchell),* 200 B.R. 734 (Bankr.D.Mass.1996). In each of these cases, the bankruptcy court found that the debtor was not personally liable for postpetition interest on prepetition priority taxes, notwithstanding the provisions of 1141(d)(2), where the chapter 11 plan provided for payment of the prepetition tax claim in full pursuant to § 1129(a)(9)(C).

Under § 1141(d)(2),[6] the confirmation of a chapter 11 plan does not discharge debts included under § 523. Section 523(a)(1)(A) provides that postpetition interest on a prepetition tax claim is not dischargeable.[7]

On the other hand, § 1129(a)(9)(C)[8] requires that a chapter 11 plan provide holders of claims covered by § 507(a)(7) with deferred cash payments of a value, as of the effective date of the plan, equal to the "allowed amount" of such claim, which under § 502(b)(2), excludes postpetition interest.[9]

In *Heisson,* the bankruptcy court confirmed a chapter 11 plan which provided for full payment of priority tax claims pursuant to § 1129(a)(9)(C), but did not provide for payment of postpetition, pre-confirmation interest. The Internal Revenue Service ("IRS") filed a proof of claim that did not include such interest. Following confirmation, the IRS advised the debtors of its intent to collect the postpetition, pre-confirmation interest on the nondischargeable priority taxes. The bankruptcy court held: 1) that § 1141(d)(2) could not be read to apply to priority taxes the debtor pays pursuant to § 1129(a)(9)(C) without rendering the latter section meaningless; and 2) § 1141(d)(2) excepts from discharge only a "debt," which is a liability on a claim that could not include post-filing interest against an insolvent estate under § 502(b)(2).

Under facts similar to those in *Heisson,* the bankruptcy court in *Winchell* also perceived a conflict between §§ 1129(a)(9)(C) and 1141(d)(2) and adopted the reasoning of the *Heisson* court that § 1141(d)(2) does not apply to chapter 11 plans which provide for full payment of the prepetition priority tax claim pursuant to § 1129(a)(9)(C).

The Debtor's reliance on *Heisson* and *Winchell* is misplaced. Indeed, *Heisson* was reversed by the district court, which recognized that § 1141(d)(2) does not conflict with

6. Section 1141(d)(2) provides:

> The confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title.

7. Section 523(a)(1)(A) provides in relevant part:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> (1) for a tax or a customs duty—
> (A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed.

8. Section 1129(a)(9)(C) provides:

> (a) The court shall confirm a plan only if all of the following requirements are met:
> (9) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that—
> (C) with respect to a claim of a kind specified in section 507(a)(7) of this title, the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding six years after the date of assessment of such claim, of a value, as of the effective date of the plan, equal to the allowed amount such claim.

9. Section 502(b)(2) states in pertinent part:

> A claim or interest ... is deemed allowed ... except to the extent that—such claim is for unmatured interest. ...

§ 1129(a)(9)(C). *See United States v. Heisson (In re Heisson)*, 217 B.R. 1, 3 (D.Mass. 1997). The district court held that, whereas § 1141(d)(2) simply reflects congressional intent that certain types of debt will remain nondischargeable after plan confirmation, § 1129 merely governs the treatment of priority claims under a plan. *Id.*

> The finding of non-dischargeability should not be confused by arguments predicated on § 1129 which sets forth confirmation standards. Section 1129 does not address the issue of whether the gap period interest and penalties may be discharged. It deals with how allowed claims must be treated under the plan.

*Id.* (quoting *JAS Enters., Inc.*, 143 B.R. at 719). In addition, *Winchell*, which relied on *Heisson* for the proposition that a debtor's liability on a nondischargeable claim is discharged where the debtor pays a priority tax in accordance with a confirmed chapter 11 plan pursuant to § 1129(a)(9)(C), is of doubtful persuasion because *Heisson* has since been reversed.

A careful review of §§ 1141(d)(2) and 1129(a)(9)(C) leads us to conclude that the district court's reasoning in *Heisson* is sound, i.e., that there is no conceptual or theoretical conflict between the two provisions that warrants the wholesale dismissal of the latter as suggested. First, there is nothing in the legislative history which suggests that Congress intended to rewrite the existing law regarding the nondischargeability of postpetition interest on priority tax debt when it enacted the Code. *In re Cline*, 100 B.R. at 663. Second, while 129(a)(9)(C) specifies the required treatment of § 507(a)(8) priority tax claims for *plan confirmation purposes*, it is completely silent as to the *dischargeability* of the postpetition, pre-confirmation interest on such claims. Indeed, § 1129 sets forth the requirements for the treatment of allowed claims against the *estate* under a plan of reorganization, but does not, and was never intended to, address matters concerning the treatment of nondischargeable claims against the *debtor. See In re JAS Enters.*, 143 B.R.

at 719 (Bankr.D.Neb.1992) (the determination of nondischargeability should not be confused by arguments based on § 1129 which sets forth confirmation standards but does not address the issue of whether postpetition, pre-confirmation interest and penalties may be discharged). The latter is specifically addressed in § 1141(d)(2).

Third, the exceptions to discharge for the individual chapter 11 debtor under § 1141(d)(2) are identical to those previously excepted from discharge under § 371 of the Act. *In re Cline*, 100 B.R. at 663.

Thus, based upon the authority of *Bruning*, we reject the Debtor's argument that § 1141(d)(2) cannot be applied to postpetition, pre-confirmation interest and penalties accruing on priority taxes that the debtor pays in accordance with § 1129(a)(9)(c). Accordingly, we conclude that the bankruptcy court erred in finding that the Debtor was not personally liable for the postpetition, pre-confirmation interest and penalties accruing on the Appellant's priority tax claim.

B. *What is the effect of the Appellant's failure to object to confirmation of the Debtor's chapter 11 plan?*

■■■■ The Debtor argues that the Appellant should have raised an objection at the confirmation hearing regarding its asserted entitlement to postpetition, pre-confirmation interest and penalties and, by failing to do so, the Appellant is now bound by the terms of the plan. Stated otherwise, the Debtor asserts that the Appellant has waived its right to collect interest and penalties not specifically provided for under the confirmed plan. In general, a confirmed chapter 11 plan binds all creditors, including creditors who may have rejected the plan or objected to its confirmation. 11 U.S.C. § 1141(a); [10] *In re Mercado*, 124 B.R. 799, 801 (Bankr.C.D.Cal. 1991). A confirmed plan may not, however, extinguish or discharge an otherwise nondischargeable debt, even where the creditor fails to participate in the confirmation process. 11 U.S.C. § 1141(d)(2); *In re Gur-*

---

**10.** Section 1141(a) provides in pertinent part:
Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a con-firmed plan bind the debtor ... and any creditor ..., whether or not such creditor ... has accepted the plan.

*witch*, 794 F.2d 584, 585 (11th Cir.1986); *In re Becker's Motor Transportation, Inc.*, 632 F.2d 242, 248 (3d Cir.1980), *cert. denied*, 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981). *Accord In re Mercado*, 124 B.R. at 804.

Under facts similar to those in this case, the Third Circuit in *Gurwitch* held that the Internal Revenue Service was not estopped from collecting nondischargeable withholding taxes outside the chapter 11 proceedings, notwithstanding the fact that it had filed a proof of claim reflecting only a portion of its total claim. The court specifically rejected the debtor's argument that the amount of the tax claim was fixed at the time of confirmation of the plan on the basis of res judicata, policy considerations, and equitable estoppel. Significantly, the court noted that under § 523(a)(1)(A), taxes falling under that subsection are nondischargeable "whether or not a claim for such tax was filed or allowed." *Gurwitch* at 585 (quoting 11 U.S.C. § 523(a)(1)(A)).

In this case, as in *Gurwitch*, there is no legal basis for finding that the Appellant waived its right to collect a debt for which it was not required to file a claim. 11 U.S.C. § 523(a)(1)(A). Furthermore, a creditor is generally not required to object to a plan provision that does not purport to pay postpetition interest because any attempt to collect postpetition interest through the bankruptcy estate is precluded under § 502(b)(2). *Pardee*, 218 B.R. at 922 (citing *Ridder v. Great Lakes Higher Educ. Corp. (In re Ridder)*, 171 B.R. 345, 347 (Bankr. W.D.Wis.1994)). For the same reason, "a creditor is not required to request postpetition interest in its proof of claim because postpetition interest is disallowed under § 502(b)(2), and thus, such a request would be futile." *Id.* at n. 7 (citing *United States v.*

*River Coal Co., Inc.*, 748 F.2d 1103, 1108 (6th Cir.1984)); *Wagner v. Ohio Student Loan Comm'n (In re Wagner)*, 200 B.R. 160, 165 (Bankr.N.D.Ohio 1996).[11]

Finally, there is no equitable reason for depriving the Appellant of its nondischargeable claim. In *Bruning*, the Supreme Court observed:

> The basic reasons for the rule denying post-petition interest as a claim against the bankruptcy estate are the avoidance of unfairness as between competing creditors and the avoidance of administrative inconvenience. These reasons are inapplicable to an action brought against the debtor personally. In the instant case, collection of post-petition interest cannot inconvenience administration of the bankruptcy estate, cannot delay payment from the estate unduly, and cannot diminish the estate in favor of high interest creditors at the expense of other creditors.

*Bruning*, 376 U.S. at 362–63, 84 S.Ct. 906 (footnotes omitted). Similarly, in this case, as the Debtor's plan has been fully consummated, the collection efforts of the Appellant will not inconvenience the administration of the estate, delay payment from the estate, or diminish the estate at the expense of other creditors.

We find that the Appellant has not waived its right to pursue the collection of the nondischargeable portion of its claim against the Debtor personally.

### V. CONCLUSION

For the reasons stated hereinabove, the judgment of the bankruptcy court is REVERSED.

---

11. We note that in *Pardee*, we held that a creditor's failure to object to a chapter 13 plan provision that purported to discharge postpetition interest on a nondischargeable student loan or appeal the plan confirmation order constituted waiver of its right to collect postpetition interest on its claim against the debtor personally, post-confirmation. However, unlike the situation here, the chapter 13 plan in *Pardee* specifically provided that any unpaid interest would be discharged by the plan. *Id.* at 918. Although this plan provision clearly conflicted with §§ 523(a)(8) and 1328(a)(2), we nevertheless held that the confirmed plan was *res judicata* and precluded the creditor from collaterally attacking the plan provision or recovering postpetition interest against the debtor personally, post-confirmation. *Id.* at 922–26. The situation here is distinguishable because the chapter 11 plan did not purport to discharge postpetition interest on the nondischargeable tax debt.